# Noggle, Appellant, v. Carlisle & Mt. Holly Railway Company.

*Negligence—Street railways—Fireworks exhibition—Amusement park.*

Where a street railway company, owning an amusement park, properly polices the park, provides a suitable place for the exhibition of fireworks and places it in charge of a competent independent contractor, it is not liable for injuries to a person caused by the negligence of a volunteer assisting an employee of the independent contractor.

## 358 NOGGLE, Appellant, v. CARLISLE RAILWAY CO.

Argued April 26, 1906. Appeal, No. 135, Jan. T., 1906, by plaintiff, from judgment of C. P. Cumberland Co., Feb. T., 1905, No. 123, on verdict for defendant in case of Wesley Noggle and Harvey Noggle v. Carlisle & Mt. Holly Railway Company. Before FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before SADLER, P. J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

The court directed a verdict for defendant. Plaintiff appealed.

*Error assigned* was the order of the court.

*E. M. Biddle, Jr.*, with him *C. C. Bashore*, for appellant.

*F. E. Beltzhoover* and *S. B. Sadler*, for appellee.

PER CURIAM, May 14, 1906:

The defendant company contracted with a dealer for an exhibition of fireworks in a park on the line of its railway. By the terms of its agreement the dealer was to select the fireworks from his stock, to have them exploded, and to make the best display that could be made for the price agreed upon. The company procured extra policemen for the occasion to preserve order in the park, but it did not reserve nor exercise any supervision or control of the exhibition, which was placed by the dealer in the exclusive charge of a competent employee. During the course of the exhibition a piece known as a "flowerpot" failed to explode and the father of the man in charge, who was assisting him merely as a volunteer, handed it to a boy twelve years old and told him to take it away and have a good time with it. He took it some distance from the crowd, touched a lighted match to it and was injured by its explosion. A verdict was directed for the defendant.

The company properly policed the park, provided a suitable place for the exhibition, and placed it in the charge of a com-

petent person. The negligence that caused the injury was that of a volunteer assisting the employee of an independent contractor. For this the company was not answerable.

The judgment is affirmed.